# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **Chambers of**<br>**Leda Dunn Wettre**<br>United States Magistrate Judge | Martin Luther King Federal Building<br>& U.S. Courthouse<br>50 Walnut Street<br>Newark, NJ 07101<br>(973) 645-3574 |

August 27, 2020

To:   All parties of record

### LETTER ORDER

Re:   <u>Doe v. Wolf, et al.</u>, Civ. A. No. 20-10377 (SDW) (LDW)

Dear Litigants:

   Before the Court is a motion by *pro se* plaintiff to proceed anonymously and to seal the record in this action. (ECF No. 2). For the reasons that follow, plaintiff's motion is **DENIED**.

   In a complaint dated June 22, 2020, plaintiff brings *Bivens* claims against defendants Chad Wolf, Acting Secretary of the Department of Homeland Security ("DHS"), Jamie Rehus, alleged to be a behavioral profiler for DHS, and various unnamed DHS employees and their "civilian confederates." (Complaint ¶¶ 3-5, ECF No. 1). Plaintiff alleges that DHS has engaged in "a fifteen year+ course of criminal activity directed at" him in retaliation for his gay rights advocacy, including unlawfully monitoring his text, telephone, and email communications, placing him under physical surveillance, entering his apartment and seizing personal items without his knowledge or permission, and conspiring with his ophthalmologist to photograph a scar on his head. (*Id.* ¶¶ 9, 11, 18-54). Defendants have not yet been served, appeared, or answered. Plaintiff now requests leave to proceed anonymously as John Doe and to seal the entire record of these proceedings. (ECF No. 2). In support of his motion, plaintiff contends that (1) he is a homosexual and has a privacy interest in adult, consensual sexual activity, and (2) public revelation of plaintiff's name and the filings in this case "would enable confederates of the defendants (particularly civilian confederates) to put information contained in those filings to further criminal purpose." (Doe Decl. ¶ 11, ECF No. 2). However, plaintiff candidly acknowledges that he is currently litigating an action with similar allegations against some of these "civilian confederates" in New Jersey Superior Court, Essex County, in which he has publicly revealed both his full name and the fact that he is "a gay man who has been active in civil rights/gay rights matters for more than forty-five years." (Doe Decl. ¶ 20; Sept. 16, 2019 State Court Amended Complaint ¶ 1, ECF No. 1-2).

   Because "plaintiff's use of a pseudonym runs afoul of the public's common law right of access to judicial proceedings" and hinders the ability of defendants "to confront their accusers," a plaintiff may proceed anonymously only in "exceptional cases" where he or she demonstrates "a reasonable fear of severe harm that outweighs the public's interest in open litigation." *Doe v. Megless*, 654 F.3d 404, 408, 409 (3d Cir. 2011) (quotations omitted). The Third Circuit has

highlighted a number of factors the Court should consider when determining whether to allow a litigant to proceed anonymously, including:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

*Id.* at 409 (quotation omitted). Against those factors, the Court must balance:

> (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Id.* (quotation omitted).

First, "[c]ourts have found that a litigant has made substantial efforts to maintain anonymity where that litigant has limited his disclosure of the sensitive information to few other people. The strength of this factor is increased where that litigant has taken prior steps to maintain anonymity within the judicial system." *Doe v. Rider Univ.*, Civ. A. No. 16-4882, 2018 WL 3756950, at *3 (D.N.J. Aug. 7, 2018). While plaintiff attempted to maintain the confidentiality of his identity by requesting that this action be filed under seal, he recently made both his name and his sexual orientation a matter of public record in the New Jersey Superior Court action against "civilian confederates." Thus, the first factor weighs against the need for anonymity in this action.

Second, plaintiff contends that he fears unspecified "further . . . criminal enterprise" by defendants, and possibly physical harm (such as assault while riding the bus), if his identity and court filings are made public. (Doe Decl. ¶ 13). The Court does not doubt that plaintiff's concerns are sincerely felt, but he has not demonstrated a reasonable basis to believe that additional public revelation of his name and sexual orientation could cause him to suffer severe harm, physical or otherwise. Plaintiff has not articulated any stigma or fear related to revealing his identity or sexual orientation to members of the general public. His fear of undefined criminal conduct by defendants is both speculative and unmoored from the personal circumstances underlying his request for anonymity. *See Millhouse v. United States*, Civ. A. No. 19-5139, 2020 WL 354833, at *3 (E.D. Pa. Jan. 17, 2020) (denying motion to proceed anonymously predicated on fear that "other prisoners will certainly harm [plaintiff] due to the sensitive nature of the present complaint" because plaintiff set forth only "speculative, generalized allegations of harm without specific facts"). Indeed, it is unclear what purpose would be served, or harm avoided, by plaintiff's use of

a pseudonym in light of his allegations that the DHS defendants and their "civilian confederates" already know his full name, sexual orientation, phone number, email address, home address, and daily whereabouts. *See Megless*, 654 F.3d at 410 (affirming denial of motion to proceed anonymously where "[l]itigating publicly will not contribute further to the harm that [plaintiff] alleges has already occurred"); *Doe v. College of N.J.*, Civ. A. No. 19-20674, 2020 WL 360719, at *3 (D.N.J. Jan. 22, 2020) (denying plaintiff's motion to proceed anonymously and noting that "while Doe alleges the treatment by her employer caused her severe emotional distress, it is unclear how the public pursuit of this action would cause her greater embarrassment or emotional distress beyond the potential professional repercussions"). Thus, the second factor also weighs against anonymity.

Third, plaintiff has not suggested any reason why requiring him to litigate this action using his name might deter other litigants from pursuing *Bivens* claims against government actors. Fourth, "the Court considers whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identity." *Doe v. Rider Univ.*, 2018 WL 3756950, at *6. Here, plaintiff's *Bivens* claims are fact-specific, and not purely legal claims in which the public has little interest. These factors additionally weigh against anonymity. Fifth, plaintiff asserts that "it is difficult to imagine how this case could proceed unless the record were sealed and the undersigned permitted to proceed anonymously." (Doe Decl. ¶ 18). The Court notes, however, that plaintiff has been able to pursue similar claims in New Jersey Superior Court without the need for anonymity. *See Megless*, 654 F.3d at 410-11 ("[P]laintiff's stubborn refusal to litigate openly by itself cannot outweigh the public's interest in open trials."). Sixth, the Court finds no ulterior motives behind plaintiff's request to proceed anonymously.

Balancing all of these considerations, along with "the thumb on the scale that is the universal interest in favor of open judicial proceedings," *id.* at 411, the Court finds that this is not the exceptional case warranting plaintiff's use of a pseudonym.

With respect to plaintiff's application to seal the record, the "strong presumption of openness does not permit the routine closing of judicial records to the public." *In re Avandia Mktg., Sales Practices & Prods. Liability Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quotation omitted). Thus, "the party seeking to seal any part of a judicial record bears the heavy burden of showing that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure. A party who seeks to seal an *entire* record faces an even heavier burden." *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (quotations omitted). *See* Local Civ. R. 5.3(c)(3). Here, a party's name is not the type of information that courts typically protect from disclosure, and plaintiff's generalized fear of "further criminal conduct" by defendants is neither a clearly defined nor a sufficiently serious injury to warrant the extraordinary relief of sealing the record of these proceedings in their entirety. To the extent plaintiff seeks to seal specific personal or confidential information contained in any publicly filed documents, he may request such relief in accordance with Local Civil Rule 5.3(c).

3

Accordingly, plaintiff's motion to proceed anonymously and to seal the record (ECF No. 2) is **DENIED**. If plaintiff wishes to pursue this action, he shall file an amended complaint disclosing his full name within 30 days of the date of this Order. In accordance with Local Civil Rules 5.3(c)(8) and 72.1(c)(1)(C), the docket and any materials filed under temporary seal shall be unsealed 14 days following the date of this Order unless a notice of appeal is timely filed. The Clerk of Court is directed to serve a copy of this Letter Order on *pro se* plaintiff by U.S. Mail. It is **SO ORDERED**.

                                                    *s/ Leda Dunn Wettre*
                                                    Hon. Leda Dunn Wettre
                                                    United States Magistrate Judge

Orig:   Clerk
cc:     Hon. Susan D. Wigenton, U.S.D.J.